# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LLOYD W. JOHNSON,**
**Claimant Below, Petitioner**

**vs.)   Nos. 14-0068 & 14-0743** (BOR Appeal Nos. 2048582 & 2049252)
               (Claim No. 2012000536)

**ADVANCED DIESEL TECHNOLOGIES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lloyd W. Johnson, by M. Jane Glauser, his attorney, appeals two decisions of the West Virginia Workers' Compensation Board of Review.[1] Advanced Diesel Technologies, LLC, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from two Final decisions of the Board of Review. In its July 1, 2014, decision, the Board affirmed the February 5, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 27, 2013, decision denying a request for the medications Neurontin, Flexeril, Naprelan, and Nortriptyline and the claims administrator's July 12, 2013, decision denying a request to add unspecified displaced intervertebral disc as a compensable condition of the claim. In its December 31, 2013, decision, the Board affirmed the Office of Judges' June 27, 2013, Order. In its Order, the Office of Judges affirmed the claims administrator's December 14, 2012, decision denying a request to add displacement of the lumbar intervertebral disc without myelopathy as a compensable condition of the claim and a request for authorization for a CT myelogram of the lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] Mr. Lloyd requested that this Court consolidate Appeal Nos. 14-0068 and 14-0743. Upon consideration, this Court granted his motion and consolidated the two appeals on September 9, 2014.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson worked as a mechanic for Advanced Diesel Technologies, LLC. On June 17, 2011, Mr. Johnson injured his back when he slipped and fell backwards off a stool. He reported his injury alleging that he had sustained a low back and lumbar sprain. Following this injury, Mr. Johnson was treated by Jessica Rhodes, PA-C, who noted that he had a prior low back condition which he said he had recently reinjured at work. X-rays taken at the time revealed degenerative changes in the lower back. An MRI was then taken of the lower back which showed lumbar spondylosis with degenerative disc disease at the L3-4 and L4-5 discs. Mr. Johnson then filed an application for workers' compensation benefits. The physician's section of the application was filled out by Lorne Wolfe, M.D., who diagnosed him with intervertebral disc displacement. The claims administrator, however, held the claim compensable for a lumbar strain.

Todd Lee Harshbarger, M.D., also treated Mr. Johnson and found that he had left lower extremity pain even though his MRI revealed worse degeneration on the right side. Dr. Harshbarger recommended that a CT scan be taken of his lumbar spine to resolve the inconsistency between Mr. Johnson's right side protrusion and his left radicular symptoms. A second MRI was taken of Mr. Johnson's lumbar spine on January 4, 2012, and it revealed generalized displacement of the L4-5 intervertebral disc. The disc displacement appeared to be a herniation. The MRI record included a review of a prior MRI taken on February 1, 2006, which revealed mild disc protrusions at the L3-4 and L4-5 discs. The review of the MRI indicated that the protrusion apparent on the 2006 MRI had progressed into the current L4-5 herniation. Mr. Johnson was then evaluated by a neurologist, Donald Hoffman, M.D., who found that Mr. Johnson had a history of left lumbar radiculopathy that had grown significantly worse following the June 17, 2011, injury. Soon afterwards, Mr. Johnson was again treated by Dr. Wolfe, and he complained that his back pain had grown significantly worse following the compensable injury. Rebecca Thaxton, M.D., then reviewed Mr. Johnson's records and found that he had a history of chronic low back pain caused by a L4-5 disc protrusion. Richard S. Kaplan, M.D., also evaluated Mr. Johnson and found that he had reached his maximum degree of medical improvement related to his compensable lumbar sprain.

At this time, Mr. Johnson came under the care of David Lynch, M.D., who requested authorization for the medications Flexeril, Naprosyn, Nortriptyline, and Neurontin. Dr. Thaxton reviewed the request but found that the medications were needed to treat Mr. Johnson's chronic low back pain and degenerative disease. Dr. Lynch also requested authorization for a CT myelogram due to Mr. Johnson's complaints of low back pain and left leg radiculopathy. He also submitted a request that L3-4 and L4-5 disc bulges be added as compensable conditions of the claim. Dr. Thaxton reviewed Mr. Johnson's records a third time. She believed that his current disc bulges were related to the natural progression of his degenerative spine condition. She recommended that the CT myelogram not be authorized and the additional diagnoses not be added to the claim.

On December 14, 2012, the claims administrator denied a request for a CT myelogram and denied the addition of displacement of lumbar intervertebral disc without myelopathy as a

2

compensable condition of the claim. On June 27, 2013, the Office of Judges affirmed the claims administrator's denial of lumbar intervertebral disc displacement as a compensable condition. Following this denial, Mr. Johnson was also treated by Chang Kim, M.D., who requested that unspecified displacement of intervertebral disc be added as a compensable condition of the claim. This request was reviewed by Randall Short, D.O., who found that Mr. Johnson's degenerative disc disease and bulging discs pre-existed the compensable June 17, 2011, injury. He recommended denying Dr. Kim's request, and on July 12, 2013, the claims administrator refused to add unspecified displaced intervertebral disc as a compensable condition of the claim. The claims administrator initially authorized the medications Flexeril, Naprelan, Neurontin, and Nortriptyline. However, Prasadarao B. Mukkamala, M.D., performed a records review and recommended that Mr. Johnson no longer receive those medications. Dr. Mukkamala believed the medications were being prescribed to treat pain related to Mr. Johnson's pre-existing disc bulges. On September 27, 2013, the claims administrator denied additional authorization for the medications Neurontin, Flexeril, Naprelan, and Nortriptyline. The Board of Review affirmed the Office of Judges' June 27, 2013, Order on December 31, 2013, and Mr. Johnson appealed its decision. On February 5, 2014, the Office of Judges also affirmed the July 12, 2013, and September 27, 2013, claims administrator's decisions. The Board of Review affirmed the Office of Judges' February 5, 2014, Order on July 1, 2014, leading Mr. Johnson to appeal.

In its June 27, 2013, Order, the Office of Judges concluded that Mr. Johnson's bulge at the L3-4 disc and protrusion at the L4-5 disc were present and symptomatic prior to the compensable injury. The Office of Judges based this determination on the MRI taken on February 1, 2006, because it revealed L3-4 and L4-5 disc protrusions four years prior to the date of the injury in this claim. The Office of Judges noted that Mr. Johnson had a prior low back injury related to an April 28, 2005, fall. It found that Mr. Johnson had received treatment from Robert Gerbo, M.D., under this prior claim and that he had requested the addition of lumbar herniated disc as a compensable component of the April 28, 2005, injury. The Office of Judges determined that the June 17, 2011, injury did not aggravate Mr. Johnson's pre-existing displaced intervertebral disc condition because it found that Mr. Johnson had continued to receive treatment for his pre-existing low back condition up to the time of the June 17, 2011, compensable injury. The Office of Judges noted that the record contained evidence that Mr. Johnson had visited the emergency room for complaints of left flank and low back pain related to discogenic disease a month prior to the June 17, 2011, injury. The Office of Judges determined that the January 4, 2012, MRI indicated that any progression of Mr. Johnson's disc protrusions was related to a degenerative process that pre-existed the compensable injury. The Office of Judges also concluded that the requested CT myelogram is not reasonably required for treatment of a compensable condition of the claim. The Office of Judges based this determination on the request of Dr. Lynch who related the scan to Mr. Johnson's bulging lumbar discs. It also found that the treatment notes of Dr. Harshbarger indicated that the CT scan was related to Mr. Johnson's L3-4 and L4-5 disc protrusions and not the compensable lumbar sprain. In its December 31, 2013, decision, the Board of Review adopted the findings of the Office of Judges and affirmed its Order.

In its February 5, 2014, Order, the Office of Judges concluded that Mr. Johnson did not show that unspecified displaced intervertebral disc or aggravation of unspecified displaced

intervertebral disc should be added as compensable conditions of the claim. The Office of Judges noted that the June 27, 2013, Office of Judges' Order found that the L3-4 and L4-5 disc herniations pre-existed the compensable June 17, 2011, injury. The Office of Judges found that there is no evidence of disc displacement at any other level of the spine. It determined that the Office of Judges' prior Order precluded it from adding the current requested condition to the claim. The Office of Judges also determined that Mr. Johnson's current radicular symptoms did not show that he sustained an aggravation of his pre-existing displaced intervertebral disc because his left lower extremity symptoms were not consistent with the objective imaging studies, which showed that his disc protrusions were on the right side. The Office of Judges noted that the records from Mr. Johnson's emergency room visit a month before the compensable injury indicated that his displaced discs were symptomatic prior to the date of the injury and were not aggravated by it. The Office of Judges also concluded that the requested medications are not medically related or reasonably required to treat Mr. Johnson's compensable injury. The Office of Judges based this determination on Dr. Mukkamala's records review, in which he found that the medications Neurontin, Flexeril, Naprelan, and Nortriptyline were related to the pre-existing disc problems. The Office of Judges also based its determination on the evaluation of Dr. Kaplan, who found that Mr. Johnson had reached his maximum degree of medical improvement for the compensable injury. In its July 1, 2014, decision, the Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of both decisions of the Board of Review and the findings of both Orders of the Office of Judges. Mr. Johnson has not demonstrated that he suffered displacement of lumbar or unspecified intervertebral discs. The imaging studies in the record indicate that Mr. Johnson's L3-4 and L4-5 disc bulges pre-existed the June 17, 2011, injury. Mr. Johnson's treating physician, Dr. Gerbo, requested the addition of this condition to a prior workers' compensation claim. The evidence in the record further indicates that this pre-existing condition was not aggravated by the June 17, 2011, injury because his disc protrusions were symptomatic immediately prior to the injury in this claim. Although Mr. Johnson's requests include two distinct diagnosis codes, in its February 5, 2014, Order, the Office of Judges correctly determined that both diagnoses referred to the same pre-existing condition. Mr. Johnson also has not demonstrated that the requested CT myelogram or the medications Neurontin, Flexeril, Naprelan, and Nortriptyline are medically related and reasonably required to treat his compensable injury. The evidence in the record indicates that the CT myelogram and the requested medications are related to Mr. Johnson's non-compensable, pre-existing lumbar disc protrusions and not the compensable lumbosacral strain. The evaluation of Dr. Kaplan further demonstrates that Mr. Johnson has reached his maximum degree of medical improvement related to the compensable injury and does not need any additional testing or treatment.

For the foregoing reasons, we find that the decisions of the Board of Review are not in clear violation of any constitutional or statutory provision, nor are they clearly the result of erroneous conclusions of law, nor are they based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decisions of the Board of Review are affirmed.

Affirmed.

**ISSUED:   May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II